IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUANA MONTANO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00569-O-BP |
| § | |
| ANDREW SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(A) and Memorandum in Support Thereof filed on April 23, 2021. ECF No. 29. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion.

The Court finds that Plaintiff, Juana Montano, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $201.25 per hour for services performed in 2020 and 2021. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 50.35 hours of service performed in 2020 and 2021 in the amount of $10,132.94, costs totaling $400.00, and expenses totaling $16.80, in the total amount of $10,549.74.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Juana Montano, in care of Zendeh Del Law Firm PLLC, attorney fees under the Equal Access to Justice Act for 50.35 hours of service compensated at a rate of $201.25 per hour for

services performed in 2020 and 2021 in the amount of $10,132.94, costs totaling $400.00, and expenses totaling $16.80, in the total amount of $10,549.74.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 26, 2021.

                                                                                                           Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE